**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID SWANIGAN,

    Petitioner,                                 Civil No. 2:08-CV-10544
                                                HONORABLE ARTHUR J. TARNOW
v.                                                UNITED STATES DISTRICT JUDGE

SUSAN DAVIS,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

      David Swanigan, ("petitioner"), presently confined at the Huron Valley Correctional Facility in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his *pro se* application, petitioner challenges his conviction for one count of delivery of less than fifty grams of cocaine, M.C.L.A. 333.7401(2)(a)(iv). For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Saginaw Correctional Facility, but has since been transferred to the Huron Valley Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Therefore, the Court substitutes Warden Susan Davis in the caption.

*Swanigan v. Davis,* 08-CV-10544

## I. Background

On October 19, 1998, petitioner pleaded guilty in the Jackson County Circuit Court to one count of delivery of less than fifty grams of cocaine. Petitioner was sentenced to three to twenty years in prison.

The trial court initially denied petitioner's request for the appointment of appellate counsel. Following the U.S. Supreme Court's decision in *Halbert v. Michigan,* 545 U.S. 605 (2005), petitioner renewed his request for the appointment of appellate counsel, which was granted.

Appellate counsel filed a motion for relief from judgment on petitioner's behalf, which the trial court denied. *People v. Swanigan,* No. 98-89631-FH (Jackson County Circuit Court, November 14, 2006); *reconsideration den.* February 1, 2007. The Michigan appellate courts denied petitioner leave to appeal. *People v. Swanigan,* No. 276253 (Mich.Ct.App. June 15, 2007); *lv. den.* 480 Mich. 952; 741 N.W. 2d 319 (2007).

Petitioner has now filed a petition for writ of habeas corpus on the following grounds:

> I. A writ of habeas corpus is a proper remedy for (a) challenge to subject-matter jurisdiction of Court in ordering commitment to the Department of Corrections.
>
> II. Whether a petitioner has demonstrated a radical defect in the Department of Corrections' jurisdiction to detain him.

## II. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

*Swanigan v. Davis,* 08-CV-10544

### III. Discussion

The Court will discuss petitioner's two claims together because they are basically the same claim. Petitioner essentially contends that the trial court lacked jurisdiction over his criminal case, because the criminal complaint that was filed against him was defective in that it lacked a signature from the police officer who arrested petitioner.

Respondent contends that petitioner's claims are procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of these claims. *See Curtis v. Lafler,* No. 2008 WL 4058597, * 9 (E.D. Mich. August 28, 2008).

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976). Petitioner's claim that the trial court lacked jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. Appx. 259, 266 (6th Cir.

4

2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law). Because Petitioner's claim that the felony complaint was jurisdictionally defective is based entirely on state law, it is not cognizable in federal habeas corpus review. *See Hogan v. Ward,* 998 F. Supp. 290, 295 (W.D.N.Y. 1998); *See also Lane v. Booker*, No. 2006 WL 288071, *1 (E.D. Mich. February 6, 2006). In any event, a criminal court in Michigan does not lack jurisdiction over a criminal case merely because the criminal complaint was somehow defective. *See People v. Payne*, No. 2000 WL 33400212, * 3 (Mich.Ct.App. November 28, 2000); *People v. Mayberry*, 52 Mich. App. 450, 451; 217 N.W.2d 420 (1974)(both citing *People v. Burrill*, 391 Mich. 124, 133; 214 N.W. 2d 823 (1974)).

In addition, petitioner's claim has been waived because he pleaded guilty to the charge. A properly invoked guilty plea normally forecloses conviction challenges based on antecedent non-jurisdictional errors. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)*; Seeger v. Straub*, 29 F. Supp. 2d 385, 390 (E.D. Mich. 1998). A guilty plea represents a break in the chain of events which has proceeded it in the criminal process; when a criminal defendant has solemnly admitted in open court that he or she is in fact guilty of the offense which he or she is charged, the defendant may not thereafter raise independent claims relating to the deprivation of constitutional rights which occurred prior to the entry of the guilty plea. *Tollett*, 411 U.S. at 267.

*Swanigan v. Davis,* 08-CV-10544

Under Michigan law, a plea to the information waives any challenge to irregularities in the complaint. *See U.S. ex rel. Penachio v. Kropp*, 448 F.2d 110, 111 (6th Cir. 1971); *Rogers v. Kropp, Warden*, 387 F. 2d 374, 375 (6th Cir. 1968). Because petitioner pleaded guilty to the charge without ever challenging the deficiencies with the criminal complaint, petitioner is precluded from obtaining habeas relief on the issue.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: October 3, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 3, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary